UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– v. –

TYSAAN ROBINSON,
a/k/a "Kream,"

Defendant.

**ORDER**

S5 26 Cr. 2 (RA)

The Government has submitted a motion requesting that the Court: (1) partially close the courtroom for the testimony of an undercover officer with the Drug Enforcement Administration ("the UC"); and (2) allow the UC to testify at trial using only a pseudonym. The Defendant does not oppose these requests. For the reasons stated at today's public hearing, the motion is granted.

With respect to the Government's request to close the courtroom during the UC's testimony, the Court has considered the four-factor test set forth in *Waller v. Georgia*, 467 U.S. 39, 43 (1984). The Court finds that: (1) the UC has significant experience conducting undercover operations in the New York area and continues to engage in such operations; (2) were the UC's identity to become known to the Defendant, his associates, or others, the UC's safety and life would be in grave danger; (3) because the UC often conducts joint operations with other undercover agents, revealing the UC's identity may put fellow agents in grave danger as well; (4) the Government's interest in protecting the UC's safety and in maintaining the continued effectiveness of ongoing undercover investigations is an overriding interest, which would be seriously prejudiced by requiring the UC to testify in an open courtroom; (5) alternate means of protecting the UC— such as testifying in disguise or behind a screen—will themselves pose a substantial risk to the Defendant's right to a fair trial, as they would impact the jury's ability to

assess the UC's credibility; (6) the proposed courtroom closure is no broader than necessary to protect the UC's safety and the integrity of ongoing investigations, because the transcript of the proceeding will be made available to the public shortly after the testimony is given, a live audio feed of the UC's testimony will be provided in another courtroom during which any exhibits or recordings played for the jury will be available to the public, and, if requested, the Court will select and permit a member of the press pool to be present during the UC's testimony (the "Press Representative"), subject to the Press Representative's agreement to abide by the terms of this Order and the nondisclosure provisions set forth therein; and (7) the Court provided members of the public and the press notice and an opportunity to comment on the Government's proposed order at a public hearing. Accordingly, the Government's request for limited closure of the courtroom is GRANTED.

The Government also asks to allow the UC to testify at trial using only a pseudonym. This request implicates the Confrontation Clause of the Sixth Amendment, which guarantees Robinson the right to cross-examine adverse witnesses. As the Second Circuit has held, though, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . the witness' safety." *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003). Courts in this District have generally permitted pseudonymous testimony by a UC "as a means of protecting a UC's safety and effectiveness." *United States v. Mial*, 2022 WL 5240988, at *6 (S.D.N.Y. Oct. 6, 2022). This measure is reasonable, particularly given that "the information that they preclude the defense from publicly eliciting—a UC's identity—is neither exculpatory as to [the defendant] nor evidently relevant at trial." *United States v. Alimehmeti*, 284 F. Supp. 3d 477, 491 (S.D.N.Y. 2018).

Accordingly, the Government's unopposed request for the UC to testify at trial using only a pseudonym is GRANTED.

Dated: New York, New York
August 18, 2026

THE HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK