**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 26, 2026

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re: *United States v. Tysaan Robinson*, 26 Cr. 2 (RA)**

Dear Judge Abrams:

The undersigned writes to briefly address Matthew Russell Lee's citation to *United States v. Conyers*, 23 Cr. 457 (JGLC), in his August 18, 2026 letter, *see* Dkt. #55 (the "Letter"), regarding the Government's motion to seal the courtroom, Dkt. #53. No relief is requested here; this letter is intended only to ensure that the Court and public have an accurate record of what occurred in the *Conyers* case.

In his Letter, Mr. Lee failed to note critical facts about the undercover officer ("UC") and related exhibits in *Conyers*. Specifically—and as the Government repeatedly emphasized in its filings in *Conyers*—the only sealed exhibits that were initially withheld after the *Conyers* trial were 13 video files with almost 4.5 hours of footage, nearly all of which displayed the UC's face and/or distinct voice. *See, e.g.*, 23 Cr. 457 (JGLC), Dkt. ## 195, 197, 203. All the other trial exhibits were shared without litigation. Publication of the UC video exhibits was delayed, however, after the trial defendant, during a break in the UC's testimony, made a hand gesture directly towards the UC that mimicked shooting the UC with a gun. Because the UC was an active NYPD undercover who routinely met with investigative targets, including gun sellers and armed narcotics dealers in New York City, the UC's safety was already of paramount concern. Conyers's suggestion that someone would shoot the UC heightened that concern even further.

The Government therefore offered to play the unredacted videos for Mr. Lee immediately at the U.S. Attorney's Office and/or to provide copies of them promptly, if Mr. Lee would refrain from posting them online in their existing form. *See* Dkt. #197. Mr. Lee declined. So the Government sought, and the Court granted, additional time for the Government to scrub the UC videos and ensure that the UC's face and voice were completely redacted before the videos were disseminated. *See* Dkt. ##201, 205 (orders granting the Government time to apply additional redactions). When the redactions were complete, the Government provided the videos to Mr. Lee, who posted excerpts on X, thereby confirming the importance of thorough redactions.

In short, the circumstances in *Conyers*—including a mid-trial threat conveyed to an active UC whose face and voice were exposed in the exhibits that Mr. Lee sought to post on the internet—necessitated special care to protect the UC's life. The suggestion that the Government ran afoul of the Court's sealing order by needlessly refusing to make any exhibits available to the press, or that the Government "chided" anyone for reporting on the case, is simply false.[1]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________________
Frank J. Balsamello
Assistant United States Attorney
(212) 637-2325

CC: Matthew Russell Lee, *Inner City Press* (by ECF)

[1] The Government did point out that, contrary to Mr. Lee's position that he was denied an "open court" from which to report, he in fact could have observed the entirety of the UC's testimony because Judge Clarke's sealing order allowed for a member of the District's press pool to attend. *See* Dkt. #178 at 3. Moreover, as contemplated by the *Conyers* sealing order, Mr. Lee always had full access to the trial transcript—including the UC's testimony, which was never sealed—through the SDNY court reporters' office. *See* Dkt. #178 at 2 (Order describing the conditions of courtroom sealing to include that "the trial transcript is not sealed"); Dkt. #167 at 10 (Government motion *in limine* proposing that "[t]he Government would make the daily transcript of the UC's testimony available to the public *through the court reporter's office* . . . ." (emphasis added)).